1813.

O'BRIEN *et ûx.* vs. HARDY.

O'Brien
vs.
Hardy

*In an action of replevin by husband and wife; the defendant pleaded five pleas—one, property in him, self—two, the act of limitations, and two others, a former action for the same cause of action, &c. On the first plea issue was joined; to the second and third pleas there were replications that the wife was a minor until after her marriage, &c. but there were no issues joined, upon them. And to the fourth and fifth pleas, there were general demurrers, upon which judgment was rendered for the defendant No disposition was made of the issue in fact on the first plea— Held, that where the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is overruled, judgment of nil capiat shall be entered, although there may be also one or more issues in fact,*

APPEAL from *Harford* County Court. It was an action of replevin for slaves, brought by the plaintiffs, (now appellants,) on the 20th of March 1807. The defendant, (now appellee,) pleaded—1. Property in Defendant. 2. *Non cepit infra tres annos.* 3. *Actio non accrevit infra tres annos.* 4. That on the 13th September 1803, *Charles O'Brien,* one of the plaintiffs, after his marriage with *Martha,* the other plaintiff, instituted his action of replevin against the defendant, to recover the same property mentioned in the declaration in this cause, and in which said action it was, at March term 1807, adjudged, on certain demurrers entered to the plaintiffs' replications, that the said *Charles* should take nothing by his writ, &c. and that the defendant should have a return of the said property, to be detained to him irrepledgable, for ever, &c. 5. The same suit pleaded in another form. The plaintiffs demurred to the 4th and 5th pleas, and there were joinders in demurrer, &c. There was a general replication to the first plea, and issue was joined. To the 2d and 3d pleas the plaintiffs replied, that the said *Martha* was a minor, until and after the day of her marriage with the said *Charles,* &c. The county court gave judgment upon the demurrers to the fourth and fifth pleas, for the defendant. From which judgment the plaintiffs appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, and EARLE, J. by

*Martin,* for the Appellants, who stated that nothing was done to the issue joined to the first plea; and to the 2d and 3d pleas, and replications thereto, no issues, either in law or fact, were joined. That there remained an issue unacted upon, which was error, as every issue must be disposed of in some way.

No Counsel appeared for the Appellee.

THE COURT cited *Lawe vs. King,* 1 *Saund.* 80, (n 1.) and *Cooke v. Sayer,* 2 *Burr.* 753, where it is laid down, that where the defendant's plea goes to bar the action, if the plaintiff demurs to it, and the demurrer is overruled, judgment of *nil capiat* shall be entered, notwithstanding there may be also one or more issues in fact; because upon

the whole it appears, that the plaintiff had no cause of action. If the demurrers are decided *before* the issues are tried, they shall not be tried; and if *after* the trial, it will make no difference, for in each case judgment of *nil capiat* shall be given against the plaintiff.

JUDGMENT AFFIRMED.